UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ann Francis Gelso, | ) | |
| Plaintiff, | ) | 08 C 215 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James F. Holderman |
| Correctional Officer Castillo #8315, | ) | |
| Defendant. | ) | |

**ANSWER BY DEFENDANT CASTILLO TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant Correctional Officer Pedro Castillo by his attorney RICHARD A. DEVINE, State's Attorney of Cook County, through Romano D. DiBenedetto, Assistant State's Attorney, and answers Plaintiff's Amended Complaint as follows:

1. This is a civil action seeking damages against the defendant for committing acts under color of law, which deprived the plaintiff of rights secured under the Fourth, Eighth and Fourteenth Amendments to the Constitution. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Sec. 1343 and 2201 and pursuant to 42 U.S.C. Sect. 1983 and 1988.

ANSWER: Defendant Castillo admits that this is a civil action seeking damages, denies that acts were done under color of law, which deprived Plaintiff of rights secured under the Fourth, Eighth and Fourteenth Amendments to the Constitution, and admits that jurisdiction is proper.

2. Plaintiff Ann Francis Gelso is a resident of the Northern District of Illinois.

ANSWER: Defendant Castillo is without knowledge and information sufficient to form a belief as to the averments in this paragraph.

3. Defendant Officer Castillo is a correctional officer for the Sheriff of Cook County. During all times relevant to this incidence, Officer Castillo was acting under color of law.

ANSWER: Defendant Castillo admits the averments in this paragraph.

4. On or about March 22, 2006 plaintiff was a detainee at the Cook County Department of Corrections ("Jail") assigned to Division 3, Tier B-2.

ANSWER: Defendant Castillo admits the averments in this paragraph.

5. During the evening of March 22, 2006, Correction Officer Castillo was assigned to Division 3, Tier B-2 as a tier officer when plaintiff approached Officer Castillo to inform her that several inmates had threatened to kill her. Plaintiff Gelso asked Officer Castillo to move her into another cell and tier for her own protection. Defendant Castillo refused to relocate the plaintiff to another cell and tier.

ANWER: Defendant Castillo denies the averments in this paragraph.

6. That Officer Castillo had a duty to protect the plaintiff form violence at the hands of the other inmates. Although Officer Castillo had actual knowledge that the plaintiff was at risk of bodily harm from the other inmates, she deliberately disregarded the risk to the plaintiff.

ANSWER: Defendant Castillo admits that she had a duty to protect Plaintiff form violence at the hands of the other inmates. Defendant Castillo denies that she had actual knowledge that Plaintiff was at risk of bodily harm from the other inmates and denies that she deliberately disregarded a known risk to Plaintiff.

7. After plaintiff was denied assistance by Defendant Castillo, she was attacked that evening by three detainees when she entered her cell. Plaintiff was stabbed in the head with a shank and was hit numerous times in the face by the other detainees.

ANSWER: Defendant Castillo denies that Plaintiff was denied assistance and is without knowledge and information sufficient to form a belief as to the averment that Plaintiff was attacked.

8. As a direct and proximate result of defendant Castillo's failure to protect the plaintiff from the actions of the detainees, plaintiff sustained neurological injuries, suffered great pain and lost several teeth.

ANSWER: Defendant Castillo denies the averments in this paragraph.

WHEREFORE, based upon the foregoing, Defendant Correctional Officer Pedro Castillo, in his individual and official capacities, respectfully requests that this Honorable Court grant judgment in Defendant's favor and against Plaintiff on all aspects of her Amended Complaint. Defendant further requests that this Honorable Court grant him fees, costs, and such other relief that this Court deems just and appropriate.

### AFFIRMATIVE DEFENSE #1

NOW COMES Defendant Correctional Officer Pedro Castillo by his attorney RICHARD A. DEVINE, State's Attorney of Cook County, through Romano D. DiBenedetto, Assistant State's Attorney, and pleads the following affirmative defense:

1. Plaintiff, while an inmate, failed to exhaust his administrative remedies before filing this action. Therefore, this action should be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

WHEREFORE, based upon the foregoing, Defendant Correctional Officer Pedro Castillo, in his individual and official capacities, respectfully requests that this Honorable Court grant judgment in Defendant's favor and against Plaintiff on all aspects of her Amended Complaint.

Defendant further requests that this Honorable Court grant him fees, costs, and such other relief that this Court deems just and appropriate.

## JURY DEMAND

Defendant demands a trial by jury.

                                            Respectfully submitted,

                                            RICHARD A. DEVINE
                                            State's Attorney of Cook County

by:    s/Romano D. DiBenedetto
         Assistant State's Attorney
         500 Richard J. Daley Center
         Chicago, Illinois 60602
         (312) 603-4634
         6220301